Electronically Filed
Intermediate Court of Appeals
30721
29-JUN-2011
08:12 AM

NO. 30721

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
REECE K. TAKAZONO, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
KANEOHE DIVISION
(CASE NO. 1DTC-10-026502)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Fujise and Reifurth, JJ.)

Defendant-Appellant Reece K. Takazono (Takazono) appeals from the Judgment filed on August 10, 2010 in the District Court of the First Circuit, Kaneohe Division (district court).[1]

The district court convicted Takazono of Reckless Driving, in violation of Hawaii Revised Statutes (HRS) § 291-2 (2007 Repl.).

On appeal, Takazono contends there was insufficient evidence to convict him of Reckless Driving because he (1) did not grossly deviate from the standard of conduct that a law-abiding person would have observed in the same situation, (2) was not aware of a substantial and unjustifiable risk and therefore could not have recklessly disregarded the safety of other persons

_____

[1]  Per diem District Court Judge Clyde Sumida presided.

or property, and (3) did not operate his vehicle with a reckless state of mind.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude that Takazono's appeal is without merit.

(1)  Contrary to Takazono's claim, there was substantial evidence to support his conviction for Reckless Driving.  State v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007).  Takazono consciously disregarded a substantial and unjustifiable risk that injury would result when he passed a stopped bus by crossing over double solid yellow lines in a curved part of a two-lane highway where he could not see directly in front of the bus.  "The crossing of a double solid yellow line by vehicular traffic is prohibited except when the crossing is part of a left turn movement."  HRS § 291C-38(c)(8) (2007 Repl.).  "Double lines indicate maximum restriction."  HRS § 291C-38(b)(7).  The district court found that Takazono crossed the double solid yellow lines dividing the highway where the incident took place.  Takazono does not challenge that finding.  Takazono was prohibited from crossing over the double solid yellow lines unless he was making a left turn movement.  Takazono provided no reason for crossing the double solid yellow lines other than to get around the bus, which had stopped at a bus stop.  Takazono admitted he could not see directly in front of the stopped bus.  Takazono did grossly deviate from the standard of conduct that a law-abiding person would have observed in the same situation when he crossed double solid yellow lines to pass a stopped bus on a two-lane highway where he could not see in front of the bus.  HRS § 702-206(3) (1993).

(2)  Takazono admitted that he saw the stopped bus as he approached and believed he could still pass the bus.  Yet, at

the same time, he admitted that he could not see directly in front of the stopped bus. Takazono was aware of the risk that he could not see directly in front of the stopped bus, but he nonetheless proceeded to disregard the risk by attempting to pass the bus.

(3) "Given the difficulty of proving the requisite state of mind by direct evidence in criminal cases, proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the defendant's conduct is sufficient." State v. Agard, 113 Hawai'i 321, 324, 151 P.3d 802, 805 (2007) (quoting State v. Eastman, 81 Hawai'i 131, 141, 913 P.2d 57, 67 (1996)). "Furthermore, appellate courts will give due deference to the right of the trier of fact to determine credibility, weigh the evidence, and draw reasonable inferences from the evidence adduced." Agard, 113 Hawai'i at 324, 151 P.3d at 805 (internal quotation marks and citation omitted). The State adduced substantial evidence that Takazono acted with a reckless state of mind.

Therefore,

IT IS HEREBY ORDERED that the Judgment filed on August 10, 2010 in the District Court of the First Circuit, Kaneohe Division, is affirmed.

DATED: Honolulu, Hawai'i, June 29, 2011.

On the briefs:

Kainani C. Collins,
Deputy Public Defender,
for Defendant-Appellant.

Anne K. Clarkin,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

3